**UNITED STATES v. VOSE.**

Civ. No. 50-810.

United States District Court
D. Massachusetts.

Dec. 12, 1950.

Roy M. Fitzmorris, Boston, Mass., for plaintiff.

Lewis H. Miller, Brockton, Mass, for defendant.

FORD, District Judge.

Plaintiff in this action charges that defendant demanded and received rent payments in excess of the legal maximum rent from two tenants, Lester W. Pearson and Franklin Johnson, during the period from June 5, 1948 to June 10, 1950 in the case of Pearson and from May 22, 1948 to June 17, 1950 in the case of Johnson. Plaintiff asks injunctive relief under § 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896, and also treble damages under § 205 of the Act, 50 U.S.C.A.Appendix, § 1895, for so much of the overcharges as occurred within one year prior to the date of the complaint, which is October 10, 1950.

Defendant moves to dismiss the complaint on the basis of the following facts. On June 8, 1950 the tenants Pearson and Johnson instituted actions based on the alleged rent overcharges in the Brockton District Court, a state court in which such action might be brought under the provisions of § 205 of the Act. Defendant concedes that these actions in the state court had been withdrawn by the plaintiff-tenants before the present action was begun by the United States.

Section 205 after providing for treble damage actions by tenants for rent overcharges then reads: "Provided, That if the person from whom such payment is demanded, accepted, or received either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may institute such action * * *." Plaintiff contends that the mere institution of an action by the tenant should not bar suit by the United States when the tenant later discontinues the action. Plaintiff foresees a possibility that enforcement of the Act might be hampered if a landlord could protect himself from an action by the United States by bringing pressure on a tenant to bring an action and then discontinue it. However, the words of the statute are perfectly clear. The right to bring the action is given to the United States only when the tenant cannot or will not bring it. The institution of the action by the tenant is made the decisive event which terminates the rights of the United States and there is nothing in § 205 to indicate that the right of the United States will revive if the tenant fails to prosecute his action to judgment. If such a provision leaves open the danger of abuse which plaintiff envisions, the remedy must be sought from Congress. The language of the statute as it now stands is too plain and unambiguous to allow the meaning to be read into it which plaintiff seeks to give it.

The right of the United States to equitable relief under § 206(b) of the Act is not, of course, affected by any action taken by the tenant.

The motion to dismiss is granted as to plaintiff's claim for treble damages for rent overcharges prior to June 8, 1950; denied as to the rest of the complaint.