**UNITED STATES v. VOSE.**

Civ. A. 50–810.

United States District Court
D. Massachusetts.

June 14, 1951.

Roy M. Fitzmorris, Boston, for plaintiff.

Lewis H. Miller, Brockton, for defendant.

FORD, District Judge.

This is an action by the United States for treble damages and equitable relief under §§ 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix §§ 1895, 1896. A previous motion to dismiss made by defendant-landlord was allowed as to the claim for treble damages on the ground that the tenants involved had instituted actions in a state court. United States v. Vose, D.C., 94 F.Supp. 876.

Defendant now moves to dismiss the balance of the complaint on the ground that the actions by the tenants have been allowed to go to judgment in favor of defendant in the state court. Defendant concedes, however, that the plaintiff is entitled to injunctive relief and does not object to the granting of it. He argues, however, that the United States should not be entitled to ask for any order of restitution in favor of the tenants.

▇▇▇▇ The state court judgments in the tenants' actions are no bar to the prosecution of the present action. The plaintiff here, the United States, was not a party to those actions and is not bound by those judgments, except to the extent that § 205 makes them a bar to any further action by the United States for damages under that section for the period prior to the bringing of the tenants' suits. Although the tenants may benefit from the relief obtained by the United States, the interest of the United States in this action is primarily not to benefit these particular tenants, but to enforce the Rent Act in the public interest by preventing a landlord from retaining the benefit of rent overcharges collected in violation of the law. Defendant indeed admits that plaintiff is entitled to injunctive relief under § 206. That section provides that the court may grant "a permanent or temporary injunction, restraining order, or other order". This clearly includes the right to grant a restitution order where it is necessary or proper under the circumstances. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

▇▇ It may be that, as defendant argues, an order for restitution would not be proper in this case. Defendant intimates that he may have counterclaims which he could have asserted against the tenants if their actions had been tried on the merits in the state court. Defendant may be able to show that he has in settlement of the tenants' actions repaid to the tenants in whole or in part rent overcharges he may have collected. The equities between the landlord and tenants, so far as they bear on the propriety of a restitution order, should be determined after a hearing on the merits and not on a motion to dismiss. The issuance of a restitution order rests within the discretion of the court. Warner Holding case, supra, 328 U.S. at page 403, 66 S.Ct. 1086, 90 L.Ed. 1332. But that discretion can properly be exercised only when all the facts are known to it. The plaintiff here is entitled to ask for any relief available under the statute. It cannot be deprived of its right to have its claim tried on the merits merely because defendant asserts he can show the granting of that relief would be inequitable.

Motion to dismiss is denied.